IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,         *
                                     *
             Plaintiff,         *
                                     *
        vs.               *       Civil Action No.   ADC-19-3072
                                     *
KORANGY RADIOLOGY ASSOCIATES  *
PA t/a BALTIMORE IMAGING CENTERS,  *
                                   *
           Defendant.      *
                                   *

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff, The United States of America ("Plaintiff"), moves this Court for summary judgment (the "Motion") (ECF No. 27) in its favor with respect to the Government's claims against Korangy Radiology Associates P.A., trading as Baltimore Imaging Centers ("Defendant"), for unpaid federal employment and unemployment taxes and civil tax penalties. ECF No. 1. After considering the Motion and responses thereto, the Court finds no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, after having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are no genuine issues of material fact as to the claim asserted. Accordingly, the Court will GRANT Defendant's Motion (ECF No. 27).

### FACTUAL BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir.2013). This suit arises out of Defendant's failure to pay federal employment and unemployment taxes and the

penalties for the late filing of its corporate income tax returns. ECF No. 32 at 1, ECF No. 1 at 2. Defendant received thirteen assessments against it for its federal employment and unemployment taxes. ECF No. 1 at 2. The assessment dates range from May 19, 2008 to May 20, 2012.[1] ECF No. 1 at 2.

After the May 19, 2008 assessment, Defendant made an offer in compromise of said assessment on June 10, 2008. ECF No. 32 at 2. The offer was denied on August 6, 2008. *Id.* Defendant made a second offer in compromise regarding the May 19, 2008 and subsequent 2008-2009 assessments on September 21, 2009. *Id.* at 3-4. The IRS returned Defendant's September 21st offer on November 2, 2009, determining it was made solely to delay collection. *Id.* On August 5, 2016, Defendant then requested a "collection due process" hearing regarding these assessments which concluded with an adverse determination on October 11, 2017. *Id.* at 32.

Defendant also received five assessments for the late filing of its income tax returns as well as one for "failure to file" penalties under 26 U.S.C. § 6721. ECF No. 1 at 3. The dates for the late filing assessments range from August 17, 2009 to June 2, 2014.[2] *Id.* The assessment against Defendant for "failure to file" penalties under 26 U.S.C. § 6721 was issued on October 26, 2009. *Id.*

After the application of all abatements, payments, and credits and the addition of any accrued penalties, interest, and fees as of October 24, 2019, it is undisputed that Defendant owes Plaintiff $1,353,346.14 for federal employment tax liabilities; $11,758.45 for federal unemployment tax liabilities; $9,991.70 for late filing of corporate income tax returns; and

---

[1] The dates for the assessments in chronological order are as follows: 5/19/2008, 7/7/2008, 10/20/2008, 12/8/2008, 8/17/009, 8/17/2009, 8/24/2009, 10/5/2009, 12/7/2009, 2/1/2010, 6/6/2011, 5/20/2012. ECF No. 1 at 2.
[2] The dates for the late filing assessments in chronological order are as follows: 8/17/2009, 12/7/2009, 6/27/2011, 3/17/2014, 6/2/2014. ECF No. 1 at 3.

$2,283.62 in failure to file penalties. *Id.* at 3, 4. In total, including the accruals on the assessed amounts, Defendant collectively owes Plaintiff $1,437,711.16 in taxes and tax penalties. *Id.* at 3.

On October 22, 2019, Plaintiff brought this action at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to collect these taxes assessed against Defendant. ECF No. 1. On November 27, 2020, Plaintiff filed a Motion for Summary Judgment. ECF No. 27. On February 8, 2021, Defendant filed a response. ECF No. 28. Plaintiff filed its reply on February 22, 2021. ECF No. 32. This matter is now fully briefed.

### DISCUSSION

#### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor

of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

**B. Plaintiff's Motion for Summary Judgment**

Plaintiff's grounds for its Motion are that there are no genuine issues in dispute with respect to the tax assessments made against Defendant. ECF No. 27. Defendant argues that all of the assessments prior to October 22, 2009 are time barred by statute. ECF No. 28-1 at 2. Defendant also contends that Plaintiff's use of the affidavit of the Revenue Officer is hearsay and at least in part incorrect due to the statute of limitations issue raised. *Id.* The Court rejects Defendant's arguments for the reasons that follow.

Defendant argues that Plaintiff's claims were not timely filed pursuant to 26 U.S.C. 6502(a). ECF No. 28-1 at 2. That statute states in relevant part:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>   (1) within 10 years after the assessment of the tax[.]

*Id.* at (a)(1). Defendant is correct that there is a ten-year statute of limitations but fails to consider the exceptions set forth in the Internal Revenue Code. I.R.C. § 6331(i)-(k), §6330(e).

It is well understood that if a person liable to pay any tax neglects or refuses to pay the same, a levy may be placed on their property for the payment of such tax. I.R.C. §6331(a). As explained, the levy must be made at some point within ten years after the assessment of the tax. I.R.C. 6502(a)(1). However, the statute of limitations under section 6502 is suspended "for the period during which the Secretary is prohibited... from making a levy." I.R.C. § 6331(i)(5). Two examples of when the ten-year statute of limitations is suspended are: (1) while an offer-in-compromise is pending and (2) if a hearing is requested, the levy actions which are subject of the

4

requested hearing, are suspended for the period during which the hearing, and appeals therein, are pending. I.R.C. § 6331(k)(1), § 6330(e)(1).

The earliest assessment at issue was made on May 19, 2008. ECF No. 1 at 2. On June 10, 2008, Defendant made an offer-in-compromise of the May 19th assessment. ECF No. 32-1 at 4 ¶ 10. It was denied on August 6, 2008. *Id.* During the period between the offer-in-compromise and its denial, the statute of limitations was tolled for 57 days. The denial of Defendant's offer-in-compromise added an additional 30 days to the tolling period, amounting to a total of 87 days tolled. 26 U.S.C. § 6631(k)(2)(B). Regarding the September 21, 2009 assessment, Defendant made another offer-in-compromise which was returned on November 2, 2009. ECF No. 32 at 2. There, the statute of limitations was tolled for a period of 42 days. 26 U.S.C. § 6631(i)(5) and (k)(1). On August 5, 2016, Defendant requested a "collection due process" hearing which concluded with an adverse determination on October 11, 2017. ECF No. 32 at 3. During this time, the statute of limitations was tolled for 433 days. 26 U.S.C. § 6630(e)(1).

Collectively, the tolling periods amounted to 562 days. The clock began on the ten-year statute of limitations on May 19, 2008 and was tolled for 562 days after the first assessment. 26 U.S.C. § 6631(i)(5) and (k)(1). Taking into account the tolled time, Plaintiff's time to bring suit against the May 19, 2008 assessment would be barred on December 1, 2019. Plaintiff brought this action on October 22, 2019, within the statutory period. The remainder of the 2008 and 2009 assessments were all included in Defendant's September 21, 2009 offer-in-compromise (which tolled for 42 days) and the collection due process hearing (which tolled for 433 days). ECF No. 32-1 at 4 ¶ 11. Accordingly, all were afforded the 475 days of tolling which extended the statute of limitations well beyond Plaintiff's October 22, 2019 filing date. 26 U.S.C. § 6631(i)(5) and

(k)(1); §6330(e). Therefore, the Court rejects Defendant's argument that Plaintiff's claims were not timely filed.

Defendant also alleges that the affidavit of the Revenue Officer that Plaintiff cites to in its motion is hearsay and partially incorrect. Defendant offers no explanation to support this allegation. Courts have previously utilized revenue officer declarations in support of motions for summary judgment. *See U.S. v. Kitila*, 2010 WL 9177873 (D.Md. Mar. 8, 2010). Additionally, for the reasons explained, all of Plaintiff's claims fall within the statute of limitations. This includes the information contained in the Revenue Officer's affidavit. Therefore, the Court finds this argument without merit. Accordingly, Plaintiff's Motion is GRANTED.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that, in the light most favorable to Defendant, there is no genuine dispute of material fact regarding the statue of limitations on Plaintiff's claims. Therefore, Plaintiff's Motion for Summary Judgment (ECF No. 27) is GRANTED. A separate order will follow.

Date: 8 April 2021

A. David Copperthite
United States Magistrate Judge